DAVIS, Senior Circuit Judge,
concurring in the judgment:
This case is a closer call for me than it is for my friends in the majority. I am somewhat puzzled by the manner in which the district court sought to vindicate the court’s interest in maintaining appropriate supervision and control over the workflow in the busy United States District Court for the Western District of North Carolina.
In addition to ordering that Leonard and his counsel pay the plaintiffs attorney’s fees in preparing for and attending the pretrial conference, the court further sanctioned Leonard and his counsel for failing to prepare for the pre-trial conference by imposing a monetary penalty payable . to the court. Thereafter, with its crosshairs fixed on Leonard’s counsel, the *352 district court convened a hearing concerning the imposition of further sanctions on Leonard’s counsel under Federal Rule of Civil Procedure 11, which Leonard himself was not specifically ordered to attend. Then, in Leonard’s absence, and in partial reliance on the statements of his erstwhile counsel (coupled with Leonard’s failure to timely pay the fine previously imposed), the court switched its focus and entered an order of default against Leonard. Ultimately, after a jury considered solely damages evidence (but not evidence bearing on liability), it returned a verdict in excess of half a million dollars in favor of the plaintiff against Leonard. In my view, these procedural machinations skirt the border of due process, even for a litigant as disreputable as Leonard, who clearly manipulated his own counsel, his adversary and its counsel, and the district court, alike.
Manifestly, the district court would have been wise to have built a more convincing record to explicate the appropriateness of the ultimate sanction of default by affording Leonard an opportunity to explain or justify his failure to pay the fine and why something short of default would have been a more appropriate sanction. Indeed, the usual course of action in such circumstances is to hold a show cause hearing. I am constrained, nonetheless, under the totality of the circumstances shown by the record, to join in the judgment affirming the district court.